UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOGAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VSI METER SERVICES, INC.,<br><br>　　　　Defendant. | Civil No. 10cv2478 L (WMc)<br><br>**ORDER GRANTING MOTION TO DISMISS THE COMPLAINT [doc. #2] and GRANTING IN PART LEAVE TO AMEND THE COMPLAINT** |

　　　　Plaintiff David Logan filed this action in the Superior Court for the State of California, County of San Diego. Defendant VSI removed the action on the basis of the Court's diversity jurisdiction and has now moved to dismiss the complaint or alternatively to strike certain portions of the complaint. The motion has been fully briefed and is determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**A.　　Background**

　　　　In his complaint, Logan alleges that he was employed as a Project Manager by defendant since May 14, 2007. On July 9, 2010, VSI terminated plaintiff's employment. Logan asserts the reason for his termination was because of his participation in union-related activities. Since his termination, plaintiff has not been successful in finding new employment which he contends is a result of defendant's interference with his job search. Specifically, plaintiff alleges, on information and belief, that VSI provided malicious and slanderous information related to his

work performance and false information related to the reason for his termination.

Logan asserts six causes of action: wrongful termination in violation of public policy; breach of employment contract, intentional interference with prospective economic advantage; slander-libel; intentional infliction of emotional distress; and negligent infliction of emotional distress. Defendant seeks to dismiss each of these claims. Alternatively, defendant seeks to stike paragraph 10 in its entirety, the fifth and sixth causes of action in their entirety, and the request for attorneys' fees.

**B.     Legal Standard for Motion to Dismiss**

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir .1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft v. Iqbal* 129 S. Ct 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(A complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its face.'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. In determining facial plausibility, whether a complaint states a plausible claim is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

**C.    Motion to Dismiss**

   **1.    Wrongful Termination in Violation of Public Policy**

Defendant contends that the first cause of action, wrongful termination in violation of public policy, is premised on violation of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(a)(1), *et seq.*, which prohibits adverse action, including the discharge of an employee, for participation in union activity. Because of this, defendant argues that plaintiff's claim is preempted. *See San Diego Bldg. Trades Council, Millmens Union, Local 2020 v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773 (1959). In *Garmon*, the Supreme Court held that the NLRB has original, exclusive jurisdiction over claims of unfair labor practices arising under sections 7 and 8 of the NLRA. Section 7 defines protected union activities, 29 U.S.C. § 157, and section 8 protects employees engaged in those activities against employer coercion and discrimination. 29 U.S.C. § 158(a)(1), (3). The *Garmon* Court held that, "[w]hen an activity is arguably subject to § 7 or § 8 of the Act, the states as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." *Garmon*, 359 U.S. at 245, 79 S.Ct. at 780.

The *Garmon* decision noted, however, that in enacting sections 7 and 8 of the NLRA, Congress did not intend to preempt all regulation of labor-related matters by the states:

> due regard for the presuppositions of our embracing federal system ... has required us not to find withdrawal from the States of power to regulate where the activity regulated was a merely peripheral concern of the Labor Management Relations Act. Or where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to Act.

*Id.* at 243-44, 79 S.Ct. at 779 (citation and footnote omitted); *see also*, *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988).

An example of a case outside the preemptive reach of the NLRA is *Hayden v. J.A. Reickerd*, where the Court noted that "we have allowed the states to grant compensation for the consequences, as defined by the traditional law of torts, of conduct marked by violence and

imminent threats to the public order." 957 F.2d 1506, 1512 (9th Cir. 1992)(quoting *Garmon*, at 247, 79 S.Ct. at 781.) "Hayden's allegations of battery and abusive treatment, at least, fall squarely within this exception." *Id.*

Logan attempts to carve out an exception to the exclusive jurisdiction of the NLRB by contending that his claim is actually that he "was a member of management wrongfully discharged due to accusations made by a union representative about him of which he was ignorant until well after he had been discharged." (Opp. at 4.) But plaintiff alleges in his complaint that:

> his employment was terminated by Defendant after he participated in union-related activity, which was his right to do. [ ] Defendant's actions in terminating Plaintiff's employment after he participated in union-related activiy constitutes a violation of clear public policy against retaliatory employment acts in the workplace following an employee's participation in union activity, pursuant to the NLRA . . . .

(Comp. at 3, 4.) The allegations in the complaint clearly demonstrate that this is precisely the type of claim that is intended to be governed by the NLRA. Even taking plaintiff's attempt to argue around his claim, the allegation still falls squarely within the ambit of the NLRB's jursidiction.

Accordingly, because the NLRB has exclusive jurisdiction, plaintiff's wrongful termination in violation of public policy claim must be dismissed with prejudice.

### 2. Breach of Employment Contract

Defendant also contends that because plaintiff's breach of contract claim is premised upon a violation of the NLRA, it too must be dismissed. The Court concurs. For the reasons set forth above, plaintiff's breach of contract claim is dismissed with prejudice.

### 3. Intentional Interference with Prospective Economic Advantage

The parties agree that the elements of a claim for intentional interference with prospective economic advantage are set forth in *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003):

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant

> designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Plaintiff has not alleged an existing economic relationship between the plaintiff and a third party. He cites to *Aagard v. Palomar Builders, Inc.*, 344 F. Supp.2d 1211 (E.D. Cal. 2004) to argue that he is not required to allege such a relationship. In *Aagard*, the court found that the complaint adequately stated a claim for intentional interference with economic advantage, even though it did not specifically identify third parties with whom it had existing, allegedly interfered-with relationships. The key distinction in *Aagard* is that there were then-existing relationships. Here, plaintiff has alleged no existing relationship with some third party and acknowledges that "[c]learly, he had no existing business relationship with any company other than VSI." (Opp. at 5.)

Further, the California Supreme Court in *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393 (1995), noted that in seeking to recover damages for interference with prospective economic advantage, the plaintiff must plead and prove as part of its case-in-chief that the defendant's conduct was "wrongful by some legal measure other than the fact of interference itself."

It appears plaintiff is relying on his slander/libel claim to show "wrongful by some legal measure:

> Defendant intentionally, and with malice a forethought, providing [sic] erroneous and slanderous information related to Plaintiff's employment with VSI to Plaintiff's prospective new employers.

(Comp. ¶ 32.)

A defamatory statement may be sufficiently wrongful to support a claim of intentional interference with prospective economic advantage. *See Della Penna,* 11 Cal.4th at 410–411. But as discussed below, plaintiff has not stated a claim for slander-libel and therefore, he has not sufficiently alleged wrongful conduct other than the alleged interference itself.

Given plaintiff's unequivocal statement that he had no existing relationship with a third party, plaintiff will not be given leave to amend his complaint to allege a claim for intentional interference with prospective economic.

### 4. Slander-Libel

The tort of defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Price v. Operating Engineers Local Union No. 3*, 195 Cal. App.4th 962, 970 (2011).

Plaintiff alleges on information and belief that defendant made defamatory comments to potential employers about his work situation. As a result, plaintiff admits that he "is not cognizant of the precise oral or written communications between representatives of VSI and third parties who, but for VSI's defamatory comments, would have hired Plaintiff." (Opp. at 6.)

As noted above, a plaintiff must provide the grounds of his entitlement to relief with more than " labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Because plaintiff has failed to provide any factual basis concerning allegedly defamatory statements, he has not "raise[d] a right to relief above the speculative level." *Id.*

Plaintiff will be given leave to amend his complaint to allege a factual basis for his defamation claim within the contours of Federal Rule of Civil Procedure 11.

### 5. Intentional Infliction of Emotional Distress

"The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) the actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Cervantez v. J.C. Penney Company, Inc.,* 24 Cal.3d 579, 593 (1979). "Severe emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" *Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009)(quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001(1993)).

Here plaintiff has failed to allege two of the three elements of a cause of action for intentional infliction of emotional distress: either extreme or outrageous conduct by defendant, or that plaintiff suffered severe or extreme emotional distress. Plaintiff will be given leave to amend

the complaint to make such allegations.

### 6. Negligent Infliction of Emotional Distress

Plaintiff's final cause of action is negligent infliction of emotional distress. California law does not recognize an independent tort of negligent infliction of emotional distress. The tort is negligence, a cause of action whose essential elements include a duty to plaintiff. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984–985 (1993).

None of plaintiff's causes of action support an inference that defendant had a legal duty to Logan imposed by law. *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App.4th 1004, 1047 (2009). Accordingly, plaintiff has not alleged a cause of action for negligent infliction of emotional distress and it must be dismissed. If plaintiff is able to allege a cause of action for negligence, he may reassert a claim for negligent infliction of emotional distress.

## D. Alternative Motion to Strike

### 1. Attorneys' Fees

Defendant moves to strike plaintiff's request for attorneys' fees. Under Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

Plaintiff does not provide any basis for an award of attorneys' fees under any of his alleged claims; therefore, the request for attorneys' fees is stricken.

### 2. Paragraph 10

Plaintiff applied for unemployment benefits which VSI contested. In the administrative proceeding, VSI explained that plaintiff "was fired for displaying inappropriate behavior towards crew members due to union-related issues." (Comp., ¶ 10.) At the conclusion of the proceedings, plaintiff was awarded unemployment benefits.

VSI argues that any statement that it made at the unemployment proceeding is privileged under California Civil Code 47(b) which provides that "the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other

participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990). "The litigation privilege is broadly applied and doubts are resolved in favor of the privilege." *Ramalingam v. Thompson,* 151 Cal. App.4th 491, 500 (2007). The privilege protects statements made in private, contractual arbitration proceedings in order to encourage witnesses to provide open and candid testimony. *Moore v. Conliffe*, 7 Cal.4th 649, 634 (1994).

The statements made at the administrative proceedings for Logan to receive unemployment benefits are privileged and will be stricken from the complaint.

**E. Conclusion**

Based on the foregoing, **IT IS ORDERED**:

1. Defendant VSI's motion to dismiss is **GRANTED** as follows:

Plaintiff's first, second, and third causes of action are **DISMISSED WITH PREJUDICE**; and plaintiff's fourth, fifth and sixth causes of action are **DISMISSED WITHOUT PREJUDICE**;

2. If he so desires, plaintiff may file an amended complaint in conformity with this Order within 15 days of the filing of this Order;

3. Defendant's motion to strike plaintiff's request for attorneys' fees and paragraph 10 of the Complaint is **GRANTED.**

**IT IS SO ORDERED.**

DATED: July 12, 2011

                                          M. James Lorenz
                                          United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL