1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10

11  DAVID LOGAN,                          )    Civil No. 10cv2478 L (WMc)
                                          )
12              Plaintiff,                )    **ORDER GRANTING WITH**
                                          )    **PREJUDICE MOTION TO DISMISS**
13  v.                                    )    **THE FIRST AMENDED**
                                          )    **COMPLAINT [doc. #11]**
14  VSI METER SERVICES, INC.,             )
                                          )
15              Defendant.                )
                                          )
16  _____  )

17        Plaintiff David Logan filed this action in the  Superior Court for the State of California,

18  County of San Diego. Defendant VSI removed the action on the basis of the Court's diversity

19  jurisdiction. The Court granted defendant's motion to dismiss with prejudice the first, second

20  and third causes of action and granted plaintiff leave to file a first amended complaint with

21  respect to the remainder of his complaint. Plaintiff filed his FAC. Defendant has moved to

22  dismiss the FAC. The motion has been fully briefed and is determination on the papers

23  submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

24  **A.      Background**

25        In his FAC, Logan alleges that he was employed as a Project Manager by defendant since

26  May 14, 2007. On July 9, 2010, VSI terminated plaintiff's employment. Logan asserts the reason

27  for his termination was because of his participation in union-related activities. Since his

28  termination, plaintiff has not been successful in finding new employment which he contends is a

1   result of defendant's interference with his job search. Specifically, plaintiff alleges, on
2   information and belief, that VSI  provided false and slanderous information related to his work
3   performance and the reason for his termination.

4        Logan asserts three causes of action: defamation, intentional infliction of emotional
5   distress, and negligent infliction of emotional distress. Defendant seeks to dismiss each of these
6   claims without leave to amend.

7   **B.   Legal Standard for Motion to Dismiss**

8        A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d
9   729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either
10  a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable
11  legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir .1988). "While a
12  complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual
13  allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires
14  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action
15  will not do. Factual allegations must be enough to raise a right to relief above the speculative
16  level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets
17  and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must
18  assume the truth of all factual allegations and must construe them in the light most favorable to
19  the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).
20  Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen.*
21  *Instrument Corp.*, 69 F.3d 381, 385 (9th Cir.1995).

22       After accepting as true all non-conclusory allegations and drawing all reasonable
23  inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a
24  plausible claim to relief. *See Ashcroft v. Iqbal* 129 S. Ct 1937, 1950 (2009) (quoting *Bell Atl.*
25  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (A complaint cannot survive a motion to dismiss
26  unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its
27  face.'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the
28  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal* at 1949. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

**C.    Motion to Dismiss**

   **1.    Defamation**

The tort of defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Price v. Operating Engineers Local Union No. 3*, 195 Cal. App.4th 962, 970 (2011).

Plaintiff alleges on information and belief that defendant made false and defamatory comments to potential employers about his work situation. Plaintiff admits that he "cannot plead verbatim the wording of the false statement made by defendant to [plaintiff's] prospective employers because he was not informed of the exact wording and discovery has not yet begun. . . ." (Opp. at 5). Plaintiff contends, however, that even though he can neither obtain nor provide additional facts, he has "sufficiently alleged for the purposes of pleading the substance of the statements made, as well as their falsity, how and when they were made, and the identity of the entities to whom they were made." *Id.*

Plaintiff's FAC makes no showing that it is entitled to a different result from the Court's prior order. Plaintiff has alleged no new material facts sufficient to support his claim for defamation. As noted above, a plaintiff must provide the grounds of his entitlement to relief with more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Because plaintiff has failed to provide any factual basis concerning allegedly defamatory statements, he has not "raise[d] a right to relief above the speculative level." *Id.* Accordingly, plaintiff's claim for defamation is dismissed.

   **2.    Intentional Infliction of Emotional Distress**

"The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) the actual and proximate causation of the

emotional distress by the defendant's outrageous conduct." *Cervantez v. J.C. Penney Company, Inc.,* 24 Cal.3d 579, 593 (1979). "Severe emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" *Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009)(quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001(1993)).

Plaintiff argues that his emotional distress claims are based on defendant's "attempts to ruin his career and reputation, and to black-ball him in the industry by making false statements regarding" his work performance and the reason for his termination. (Opp. at 6). As noted above, review in a motion to dismiss is limited to the complaint. Plaintiff inappropriately places these allegations in his opposition instead of the FAC. Even taking these allegations into consideration, however, they are conclusory and insufficient to support plaintiff's cause of action for intentional infliction of emotional distress.

Plaintiff has failed to allege any new facts to support two of the three elements of a cause of action for intentional infliction of emotional distress: either extreme or outrageous conduct by defendant, or that plaintiff suffered severe or extreme emotional distress. Accordingly, plaintiff's claim for intentional infliction of emotional distress is dismissed.

### 3. Negligent Infliction of Emotional Distress

Plaintiff's final cause of action is negligent infliction of emotional distress. California law does not recognize an independent tort of negligent infliction of emotional distress. The tort is negligence, a cause of action whose essential elements include a duty to plaintiff. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984–85 (1993).

Plaintiff alleges that defendant owed a duty of care to provide information that it knew or reasonably knew to be true to third parties regarding plaintiff's employment. (FAC at 6). Like plaintiff's original complaint, none of plaintiff's causes of action in the FAC support an inference that defendant had a legal duty to Logan imposed by law. *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App.4th 1004, 1047 (2009). Accordingly, plaintiff has not alleged a cause of action for negligent infliction of emotional distress and it must be dismissed. / / /

**D.      Leave to Amend**

Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). When the Court granted plaintiff leave to amend its original complaint, it provided additional discussion of the defects in that pleading. In his FAC, plaintiff requests leave to amend once again, but he offers no indication of what additional facts it might be able to plead or theories it might assert if leave were granted. Because the Court discerns no way in which plaintiff could provide new facts with which to support his causes of action without pre-complaint discovery, which is impermissible under the Federal Rules of Civil Procedure, *Calderon v. U.S. Dist. Court for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996), leave to amend will be denied.

**E.      Conclusion**

Based on the foregoing, **IT IS ORDERED**:

1.      Defendant VSI's motion to dismiss is **GRANTED;**

2.      Plaintiff's FAC is **DISMISSED WITH PREJUDICE;** and

3.      The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED:  March 19, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

10cv2478